UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MALIBU MEDIA, LLC,                                           Civil Action No.:
                                                             1:18-cv-05614-GBD

                              Plaintiff,

        -against-

ROBERT ROGAN.,
                              Defendant.

----------------------------------------------------------------X

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendants Robert Rogan ("Defendant"), hereby submits his Answer and Affirmative

Defenses to the Amended Complaint ("Complaint") of Plaintiff Malibu Media, LLC

("Plaintiff"), as follows:

## ANSWER

Responding to the individual paragraphs of the Amended Complaint by correspondingly

numbered paragraphs, Defendant responds as follows:

## NATURE OF THE CLAIMS

1.      Defendant admits that Plaintiff purports to bring its claims under the United States

Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., but denies that Plaintiff states or

has grounds for any valid claims, and/or that Plaintiff is entitled to any relief whatsoever.

2.      Defendant denies the allegations in Paragraph 2 of the Complaint.

3.      Defendant lacks sufficient knowledge to admit or deny the allegations contained

in Paragraph 3 of the Complaint, which relate to the activities of Plaintiff, and therefore denies

them in their entirety and demand strict proof thereof.

## JURISDICTION AND VENUE

4.      Defendants denies the allegations of Paragraph 4 of the Complaint, except admits that venue is proper in the Southern District of New York.

5.      Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

6.      Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

7.      Defendants denies the allegations of Paragraph 7 of the Complaint, except admits that venue is proper in the Southern District of New York.

**Parties**

8.      Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

9.      Defendant admits the allegations in Paragraph 9 of the Complaint.

**Factual Background**

10.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

18.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

19.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

20.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

21.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

22.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

23.     Defendant denies the allegations in Paragraph 23 of the Complaint.

24.     Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint.

## Miscellaneous

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

## COUNT I
### (Direct Infringement Against Defendant)

28.     Answering Paragraph 28 of the Complaint, Defendant realleges and incorporates by reference all responses set forth in this Answer as if fully set forth herein.

29.      Defendant lacks sufficient knowledge to admit or deny the information contained in Paragraph 29 of the Complaint, which relate to the activities of Plaintiff, and therefore denies them in their entirety and demand strict proof thereof.

30.     Defendant denies the allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint, including subparts A-D.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

## JURY DEMAND

Defendants admit that Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

With regard to the Wherefore clause of the Complaint, including all of the relief requested in Subparagraphs (A)-(F) thereof, Defendant denies that any grounds exist for

declaratory, injunctive, and/or equitable relief, as well as monetary damages and attorneys' fees, costs, and expenses, or any other relief against Defendant and for Plaintiff.  Defendant further denies all captions, headings, titles, introductory paragraphs and allegations in the Complaint not specifically admitted by Defendants in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds that the alleged copyrights are unenforceable.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged use of the work defined in the copyrights, which is expressly denied, was non-commercial and legally permissible under copyright law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Section 504(c)(2) of the Copyright Act.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to mitigate its damages.

### SIXTH AFFIRMATIVE DEFENSE

Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend and supplement his numbered responses to the allegations in the Complaint and his Affirmative Defenses as discovery progresses.

**WHEREFORE**, Defendant demands that the case against them be dismissed with prejudice with all costs taxed against Plaintiff, together with such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        December 26, 2018

                                                    Respectfully submitted,

                                                    **TUTTLE YICK LLP**


                                            By:      _/s/ Gregory O. Tuttle_ _____
                                                    Gregory O. Tuttle
                                                    *Attorneys for Defendant*
                                                    220 East 42nd Street, 29th Floor
                                                    New York, New York 10017
                                                    (646) 833-0300
                                                    gtuttle@tuttleyick.com

To:     Kevin T. Conway, Esq.
        *Attorneys for Plaintiff*
        664 Chestnut Ridge Road
        Spring Valley, New York 10977
        (845) 352-0206
        ktcmalibu@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 26, 2018, the foregoing Defendant's Answer and

Affirmative Defenses to Amended Complaint was served in accordance with the Federal Rules

of Civil Procedure and the Southern District of New York's Local Rules upon the following

attorneys of record by CM/ECF.

      Kevin T. Conway, Esq.
      *Attorneys for Plaintiff*
      664 Chestnut Ridge Road
      Spring Valley, New York 10977
      (845) 352-0206
      ktcmalibu@gmail.com

This 26th day of December, 2018.

                          */s/ Gregory O. Tuttle*
                          Gregory O. Tuttle